————o————

JOHN J. MOORE, Respondent, *vs.* THE CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Appellant.

1. Holman vs. C., R. I. & P. R. R., *ante*, p. 562.

*Appeal from Grundy Circuit Court.*

*Shanklin, Low & McDougal,* for Appellant.

I. There was no evidence to show any connection between the negligent omission and the damages sustained by plaintiff. (Wagn. Stat., 310, § 58 ; Quincy, Alton & St. L. R. R. vs. Wellhorner, 2 Cent. L. J., 622 ; Stoneman vs. A. & P. R. R. Co., 58 Mo., 503 ; Karle v. K. C., St. J. & C. B. R. R. Co., 55 Mo., 483 ; Ills. Cent. R. R. Co. v. Phelps, 29 Ills., 447 ; C., B. & Q. R. R. Co. v. McKean, 40 Ills., 218 ; Chic. & Al. R. R. Co. v. Henderson, 66 Ills., 494 ; Rockford, &c. R. R. Co. v. Linn, 67 Ills., 109.)

*Herrick & Peery,* for Respondent, cited Howenstein v. P. R. R. Co., 55 Mo., 33 ; Owens v. Hann. & St. Jo. R. R. Co., 58 Mo., 386 ; Stoneman v. Atl. & Pac. R. R. Co., 58 Mo., 503.

HOUGH, Judge, delivered the opinion of the court.

This was an action to recover damages for the killing of the plaintiff's mule by defendant's train at a public crossing on the defendant's railroad.

The evidence given at the trial is stated in the bill of exceptions in the following language : " The plaintiff to maintain the issues on his part introduced evidence tending to prove that he was the owner of the mule described in the petition ; that it was of the value of ninety-five dollars, and that it was killed by a train on defendant's railroad at a public crossing in Grundy county, on or about the day specified

in the petition, and that defendant's employees failed and neglected to ring the bell or sound the whistle on said train while approaching said crossing; that defendant was operating the Chicago and Southwestern Railroad at the time. This was all the evidence offered."

There was a verdict and a judgment for the plaintiff, from which the defendant has appealed to this court.

The instructions given and refused need not be noticed. There was no testimony to support the verdict. This case differs in no material particular from the case of Holman vs. C., R. I. & P. R. R., *ante p.* 562, and the opinion in that case is applicable to, and decisive of, this.

For the reasons there given, the judgment in this case must be reversed and the cause remanded.

All the judges concur, except Judge Vories, who is absent.